UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Signus Medical, LLC,　　　　　　　　　　　　　　　　Civil No. 12-2916 (DWF/TNL)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Ilion Medical, LLC,

　　　　　　Defendant.

　　　　This matter is before the Court on a Motion for Attorneys' Fees and Costs brought by Defendant Ilion Medical, LLC ("Ilion") (Doc. No. 25.)  Plaintiff Signus Medical, LLC ("Signus") opposes the motion.  For the reasons stated below, the Court denies the motion.

　　　　In a Memorandum Opinion and Order dated December 10, 2012 ("December 2012 Order"), the Court denied Signus's motion for a preliminary injunction.  (Doc. No. 21.)  The Court incorporates the background facts as set forth in that order herein and outlines the facts relevant to this motion below.

　　　　Signus and Ilion entered into a License Agreement, wherein Signus was granted a non-exclusive license in exchange for, among other things, the payment of pre-paid, fixed royalties and fixed minimum sales of certain products.  (Doc. No. 1-2, Ex. A ("License Agreement") ¶¶ 18.10.)  Ilion provided Signus with written notice that it was terminating the License Agreement, and alleged various breaches on the part of Signus.  Signus commenced this action in Minnesota state court, seeking preliminary injunctive relief

against Ilion to enjoin Ilion from terminating the License Agreement until such time as the parties could arbitrate the issue of whether Ilion may rightfully terminate the License Agreement.[1]  Ilion removed the action to this Court.  (Doc. No. 1.)  In the December 2012 Order, the Court denied Signus's motion for a preliminary injunction, explaining that the License Agreement did not contain the necessary "qualifying contractual language" that would permit the Court to consider the request for injunctive relief.  (Doc. No. 21 at 3-6.)   Ilion now argues that because the Court concluded that Signus was not entitled to injunctive relief, and because that was the sole issue presented by Signus' lawsuit, Ilion is the prevailing party and therefore entitled to an award of attorney fees and costs.  In support, Ilion relies on an attorney fees provision in the License Agreement:

> 21.8  <u>Attorneys Fees.</u>  Should any litigation or arbitration be commenced (including proceedings in a bankruptcy court) between the Parties hereto or their representatives concerning any provision of this Agreement or the rights and duties of any person or entity hereunder, a Party or Parties prevailing in such proceeding shall be entitled, in addition to other relief as may be granted, to the reasonable attorneys fees and court costs incurred by reason of such litigation or arbitration.

(License Agreement ¶ 21.8.)

The License Agreement permits an award of attorney fees and costs to a prevailing party in litigation or arbitration "concerning any provision of this Agreement." (*Id.*)

---

[1]  The parties' License Agreement contains an arbitration provision, which provides in part that "[f]ailing such amicable resolution, all disputes arising out of or relating to this Agreement . . .  shall, unless earlier resolved according to Section 20.1 hereof, be settled by arbitration . . . ."  (License Agreement ¶¶ 18.10.)

2

Because, as explained in the December 2012 Order, the Court could not reach the merits of the parties' dispute or award any related relief, it cannot be said, at least at this time, that Ilion is a prevailing party. This lawsuit involves a dispute under the License Agreement. That dispute is presently being resolved through arbitration. The arbitrator who reviews the parties' dispute on the merits will be able to determine what fees are to be awarded under the attorney fees provision in the License Agreement. Any request before this Court is premature and unsupported under the License Agreement.

Therefore, based upon the foregoing, **IT IS HEREBY ORDERED** that Ilion's Motion for Attorneys' Fees and Costs (Doc. No. [25]) is **DENIED**.

Dated:  July 2, 2013                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge